The opinion of the Court was delivered by
DaRGan, Ch.
The Circuit decree in this case decides many questions; and the appeals of the different parties have involved the necessity on the part of this Court of reviewing them all.— It will not be necessary, however, that I should discuss all the questions raised in the appeal, or consider them seriatim.
The testatrix, Mary E. Droze, after having given specific legacies to her grand-children, Isaac P. Droze, John L. Droze, Jane L. Droze, and to others, by the residuary clause of her will, devised and bequeathed as follows : “ All the rest, residue and remainder of my estate, real and personal, I direct to be sold and disposed of by my executors as soon as possible after my death ; and the proceeds I give and bequeath to my said seven grand-children, equally to be divided amongst them, forever.” And by the codicil of her will, she declared her intentions in regard to the Drozes, in manner and form as follows : “ Should my grand-children, Isaac P. Droze, John L. Droze, and Jane L. Droze, die leaving no lawful issue, it is my will, that whatever property I have given them, be equally divided between my grand-children Josiah Perry, Benjamin Perry, Mary E. Waring, and Eliza E. Baas, to them and their heirs forever.”
Upon the question of limitation arising on the construction of the codicil, the Circuit Court held this language : “ The controversy relates both to personal and real estate. In the judgment of *215 the Court, the words of the codicil in reference to the personal property are sufficient to create and do create a good limitation over to the Perrys, on the happening of the contingency upon which it was made to depend. The word ‘ leaving,’ qualified the generality of the word ‘ issue,’ and makes the limitation to depend upon the first taker dying without issue living at the time of his death.” The Circuit decree proceeds to say : “A limitation over, if the first taker should die without leaving issue, or leaving no issue, has a different construction, and is valid, or invalid, according as it may relate to personal or real estate. When real estate is the subject of the limitation, it is construed to be after an indefinite failure of issue, and fails for remoteness. The word leaving, in such a case, is not restrictive. Forth vs. Chapman, 1 P. Wms. 665; Mazyck vs. Vanderhorst, Bail. Eq. 48. It is the opinion of the Court, that the limitation fails as to the real estate, and that the tract of land in question was the absolute estate of Isaac P. Droze, and descends to his heirs at law.”
The doctrines thus asserted in the Circuit decree, and the distinction drawn between a limitation of personal estate, and a limitation of real estate, under the words of this will, are unquestionably correct; and this Court fully concurs in the views that have been expressed.
But there is an aspect of the case, which was not presented on the Circuit trial, nor considered by the Chancellor, which prevents the distinction between personal and real estate in this respect, from being material, or applicable to the case. In this Court, according to the equitable doctrine of conversion, there was no real estate to pass under the limitations of this will, although there was real estate disposed of by it. The will gave no land to the beneficiaries; but directed that the redi, as well as the personal estate should be sold by the executors: and it was “ the proceeds ” of the sale that the testatrix gave, to be equally divided among her seven grand children.
Wherever it is apparent from the words of the will, that the testator meant, that his real estate,' as such, should not pass into the possession of the objects of his testamentary bounty: *216 but that his real estate should be converted into money, and as money, that it should come to those for whom he designs the benefaction, in Equity it will be regarded as a bequest of personal property. Under such circumstances, it will be treated in all respects, as if the conversion had been made by the testator in his life time. This doctrine is fully .sustained by the authorities. 1 Rop. on Leg. 343, 356, 358, 365; Walker vs. Denne, 2 Ves. jr. 176 ; Roach vs. Haynes, 8 Ves. 591; Wright vs. Wright, 16 Ves. 191; Cook vs. Duckenfield, 2 Atk. 568; Durour vs. Motteux, 1 Ves. Sen. 320. To these, numerous other cases might be added, were it necessary.
The lands devised in the residuary clause of Mary E. Droze’s will,' by the directions to the executors to sell them, and to pay the proceeds to the persons named, by virtue of this doctrine of equitable conversion, assumed under the will itself, the form and qualities of personal estate. It follows, that all the limitations of the will, under these circumstances, must be considered as limitations of personal property; and in a question, whether the limitation is valid, the same rules of construction must apply, which apply in the limitations of chattels. The limitation, therefore, is good as to all the property given to the Drozes, by the residuary clause of the testatrix’s will. At her death, the real estate descended to her heirs at law, subject to be divested by the sale and conveyance of the executors. And though the land has not to this day, been sold by the executors, this omission will not alter the case. In Equity, that which should have been done, will be considered as having been, done, and the parties in interest be put in the same positions respectively, as they would have occupied, had the directions of the ■ will been fully executed.
The question I have been considering, is raised in the third ground of appeal taken by the complainant, and the parties who are in. like interest with him ; which ground is, therefore, sustained.
The fourth ground of the same parties, raises a demand for rents and profits. We are of the opinion, that this claim can *217 not be allowed. Rents and profits are, in a great measure, within the discretion of the Court. This is a stale claim. Isaac P. Droze was in possession of the land for a great length of time: for thirty years it is said; and, during that period, there was no demand or accounting for rent. Thirty years’ possession, under these circumstances, would raise a presumption of almost any fact that would discharge the claim. And when it is said, that he acknowledged the rights of the parties now claiming, we understand him to have had reference to their title, under the limitations of the will, rather than to an account for rent. Nor, do we think that the e-xecutors are liable to pay rent since the death of Isaac P. Droze, unless they have used the land, or otherwise made a profit out of it. It appears that they sold the negroes soon after the testator’s death, and could not have cultivated it, after that sale, for the benefit of the estate. They may, however, have leased it: in which case, and in any case, they are liable to the extent of the profit they have realized. This ground of appeal can not be sustained.
Benjamin S. Logan, and Henry Chipman and Martha, his wife, appeal on the following grounds : “ 1st. Because it is respectfully submitted, that as the testatrix, Mary E. Droze, devised the residue of her estate, to her seven grand-children, equally to be divided between them: and one of them, namely, Josian Perry, died in the life time of the testatrix; the effect is, that the testatrix died intestate as to the one-seventh part of the residue of her estate; and the said one-seventh part vested in Benjamin Perry, Mary E. Waring, Eliza E. Bass, Isaac P. Droze, John L. Droze, and Jane L. Droze absolutely: and that, as a consequence of these propositions, a distinction should be made, between that which Isaac P. Droze took, as a residuary legatee, and that which he took as one of the next of kin ; and the same distinction applies to those parts of the estate which he took through his brother and sister, and that so much as came to them in the character of next to kin, is not subject to any limitation over.” The Circuit decree is silent on the subject of this appeal. It was not discussed on the trial, and escaped my attention.
*218 The facts assumed in the ground of appeal, above recited, are true, and the conclusion inevitable. There was, .on account of the lapsed legacies to Josiah Perry, a partial intestacy: and, of course, the intestate property cannot pass under the limitations, or dispositions of the will.
Josiah Perry pre-deceased the testatrix. The specific legacy to him of the three negroes, Peter, Ned and Moses, lapsed into the residuum of the estate, which passed under the residuary clause. The residuary estate, thus augmented by the lapse of the specific legacy to Josiah Perry, was given to the seven grand-children of testatrix, equally to be divided among them. Oí these, Josiah Perry, himself, was one. His share of the residuum which was one-seventh, lapsed and became intestate property. It was divisible under the statute of distributions among the six remaining grand-children of the testatrix, namely: the Drozes, Jsaac, John, and Jane; Benjamin Perry, Mrs. Waring, and Mrs. Bass, one-sixth to each of them. And, indisputably, such portions of the intestate property of Mary E. Droze, as Isaac P. Droze derived through his brother John, and his sister Jane, are not to be accounted for, under the limitations of Mary E. Droze’s will.
The second ground of appeal by the same parties is, “ because a distinction is also to be made, as to the legacies residuary and specific, bequeathed to Isaac P. Droze : for, in the event that has happened, (that of his dying without leaving issue,) one-fourth part of the same is given over to Josiah Perry; but as Josiah Perry died in the life time of the testatrix, the bequest to him fails, and the estate of Isaac P. Droze, in that one-fourth part, is not divested : and the same will hold good, as to the interests which Isaac P. Droze took, through his brother and sister. The consequence of which proposition is, that the representa-' tives of Isaac P. Droze should” account to Benjamin Perry, Mary E. Waring, and Eliza E. Bass, for three-fourth parts of those legacies bequeathed to him, his brother and sister, and no more.”
The position assumed in this ground of appeal, is correct. It relates to the share given by the will to Josiah Perry, in the *219 property bequeathed to the Droses, in the event of their dying without leaving issue. She gave each of them one-seventh part of her residuary estate: and in the event of their dying without leaving issue, it was to go over to the Perrys, of whom, Josiah was one. But, Josiah, as has already been stated, died before the testatrix. It is contended, in opposition to the views of the appellants, that Josiah’s share in the remainder which now takes effect, (all the Drozes having died without leaving issue,) or rather, would have been Josiah’s share, had he survived the testatrix, has also lapsed, and is intestate property of Mrs. Droze; and, as such, subject to distribution. To make this matter plainer, I will divest it of some of its complexities.
I will suppose that the testatrix has given certain property to Isaac P. Droze, which, by the terms of the direct bequest, would be an absolute estate: and in the event of his dying without leaving issue, she gives it to Josiah Perry. This is substantially the case here. And the position assumed on the part of the next of kin of Mrs. Droze is, that Josiah Perry’s interest in the remainder over, or what would have been such, had he survived the testatrix, has lapsed and is intestate property.
This proposition would be true, had the testatrix not given to the Drozes, by the terms of the direct gift, an absolute estate. The Chancellor has held, and this Court concurs, that the residuary clause of Mrs. Droze’s will, gives to the legatees therein named, a fee, which, by the codicil, is, as to the legacies given to the Drozes, made defeasible, in the event of their dying without leaving issue. Where an estate is given to one absolutely in the first instance, and is made defeasible upon a contingency, on the happening of which it is to go over to some third person, the estate given to the first taker is not to be defeated, because the event upon which it is to take effect, or the person who is to take, is insufficiently described; nor because the limitation is illegal, or void for any cause. The same rule applies where the person who is to take under the limitation has died in the life time of the testator.. The absolute estate first given can only be defeated where the limitation over can take effect. This *220 ground of appeal is sustained, and the decree must be reformed accordingly. The share in the remainder which Josiah Perry would have been entitled to, had he survived the testatrix (which is one-fourth part) is the proper estate of the said Isaac P. Droze : for which his legal representatives are not accountable under the limitations of the will.
As to the other questions decided by the Circuit decree, to which exceptions have been taken by the different appellants, it is unnecessary to make any comments : this Court concurring in the views expressed by the Chancellor.
It is ordered and decreed, that the Circuit decree be modified and made to conform with this decree. In all other respects the Circuit decree is affirmed, and the appeals dismissed.
It is further ordered, that the matters of account be referred to the Master, and that the parties to the cause have leave to apply to the Circuit Court for any orders that may be necessary to carry this decree, and the ■ Circuit decree as thus modified, into effect.
Wardlaw, Ch. concurred.